IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| TONY A. MESSER, | ) | |
| PHILIP E. BARBROW, | ) | |
| BENJIE G. HICKS, | ) | |
| KENDALL W. LUTTRELL, | ) | |
| DARRELL G. MURRAY, | ) | |
| DAVID A. STOVALL, | ) | |
| DENNIS J. STILTNER, | ) | |
| TIMOTHY M. WAMPLER, | ) | |
| and | ) | **COMPLAINT** |
| MICHAEL L. PARKER, | ) | |
| CHARLES E. VESTAL, | ) | |
| and | ) | |
| JIMMY AMBERGEY, | ) | |
| DAVE S. BOOHER, | ) | |
| JOANNE T. BOOHER, | ) | |
| JOHN S. BOOKER, | ) | |
| DAVID BROWNING, | ) | |
| SUMMER CARMACK, | ) | |
| WILLIAM C. CHURCH, | ) | |
| MELVIN E. CLARK, | ) | |
| JOYCE DAUGHTERY, | ) | **CASE NO. _____** |
| HOMER L. DAVIS | ) | |
| PATRICIA C. EADS, | ) | |
| DAVID ESTEP, | ) | |
| JAMES D. FOSTER, | ) | |
| DENNIS A. FRALEY, | ) | |
| CURTIS D. HAYDEN, | ) | |
| PENNY HELTON, | ) | |
| GAYLORD K. HOBBS, JR., | ) | |
| GARY HOUSER, | ) | |
| SHERRIE HUBBARD, | ) | |
| MICHAEL LEONARD, | ) | |
| GEARL LOWE, | ) | |
| MANDY MARTIN, | ) | |
| STEWART MAXFIELD, | ) | |
| DAVID C. McCLAIN | ) | |
| FLOYD D. McMILLAN, | ) | |
| JACKIE L. MULLINS, | ) | |
| TOMMY MULLINS, | ) | |
| DOROTHY M. ORR, | ) | |
| DAVID O'QUINN, | ) | |
| LARRY J. RICHARDS, | ) | |
| DANNY L. SALTZ, | ) | |
| KAREN P. SCYPHERS, | ) | |

| | |
|---|---|
| JAMES E. SMITH, | ) |
| JAMIE STOUT, | ) |
| ROBERT L. SULLINS, | ) |
| TIMOTHY A. THOMAS, | ) |
| ALISON WALLS, | ) |
| JEFF WAMPLER, | ) |
| on behalf of themselves and | ) |
| on behalf of all others | ) |
| similarly situated, | ) |
| | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) |
| | ) |
| BRISTOL COMPRESSORS | ) |
| INTERNATIONAL, LLC, | ) |
| T/A Bristol Compressors | ) |
| | ) |
| R/A | ) |
| CORPORATION SERVICE COMPANY | ) |
| 100 SHOCKOE SLIP | ) |
| 2ND FLOOR | ) |
| RICHMOND, VIRGINIA 23219 | ) |
| | ) |
| and | ) |
| | ) |
| GARRISON INVESTMENT GROUP, LP, | ) |
| | ) |
| R/A | ) |
| CORPORATION SERVICE COMPANY | ) |
| 100 SHOCKOE SLIP | ) |
| 2ND FLOOR | ) |
| RICHMOND, VIRGINIA 23219 | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

The Plaintiffs, by counsel, bring this action against Bristol Compressors

International, LLC ("BC") and Garrison Investment Group LP, ("Garrison") both

foreign business entities organized in the State of Delaware and registered to

conduct business in Virginia and allege as follows:

## THE NATURE OF THE CASE

1.      These claims arise out of Plaintiffs' employment at BC's manufacturing facility in Bristol, Virginia, trading as Bristol Compressors. The claims include violations of the Worker Adjustment and Retraining Notification Act, ("WARN Act"), 29 U.S.C. §2101 *et seq*. and other claims under Virginia and common law.

2.      The Plaintiffs bring this action on behalf of themselves and other similarly situated full time employees who worked for Defendants at its "Bristol Compressors" Bristol, Virginia, manufacturing facility and who were terminated without cause, as part of an announced plant closing on July 31, 2018, ordered by Defendants. These Plaintiffs were not provided the 60 days advance written specific notice of plant closing and their terminations, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. §2101 et. seq.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 29 U.S.C. §2104(a)(5).

4.      The acts on which these claims are based including violation of the WARN Act occurred in this district.

5.      Venue in this Court is proper pursuant to 29 U.S.C. §2104(a)(5).

## PARTIES

### Plaintiffs

6.      Plaintiffs were employed by BC as a "single employer" and reported to and worked at the Bristol facility.

7.     Plaintiff, Tony Messer was a full-time employee of BC at the Bristol factory for approximately 40 years until he was terminated on or about July 31, 2018 without cause.  He was given two different notices of termination. Ex. A and B. Despite the statement in Ex. B, Mr. Messer was entitled to but not given bumping rights. Plaintiffs Philip E. Barbrow, Benjie G. Hicks, Kendall W. Luttrell, Darrell G. Murray, David A. Stovall, Dennis J. Stiltner, and Timothy M. Wampler were also terminated without cause on July 31, 2018, August 1, 2018, and August 2, 2018.

8.     Plaintiffs Michel L. Parker and Charles E. Vestal were likewise terminated without cause on August 17, 2018.

9.     Plaintiff Jimmy Ambergey is a full-time employee at the Bristol, Virginia factory. Mr. Ambergey has been employed at BC for more than 30 years. Mr. Ambergey and those plaintiffs listed on the style of this case under his name remain employees at BC, have been verbally given multiple rolling dates of final plant closing but no specific notice of plant closing or individual termination dates but also suffered a forced week off.

Defendants

10.     Bristol Compressors International, LLC (BC or "Bristol Compressors") is a Foreign (Delaware) Limited Liability Company, registered to conduct business in Virginia, with its principal place of business and mailing address at 15185 Industrial Park Road, Bristol, Virginia 24202.

11.     At all relevant times Bristol Compressors operated the Bristol, Virginia facility as a "single employer" under the WARN Act.

12.     Bristol Compressors has operated the factory as a facility that manufactured air conditioning and refrigeration compressor components in Washington County, Virginia at this location for more than 40 years as a "single site" of employment as that term is defined under 20 C.F.R. §639.3(i).

13.     Garrison Investment Group, LP (hereinafter "Garrison") is a Foreign (Delaware) Limited Partnership, with its principal place of business and mailing address at 1290 Avenue of the Americas, Suite 914, New York, New York 10104. Based upon information and belief, prior to July 31, 2018, Garrison acquired an interest in BC and participated in or directed its recent operations including the structure and sequence of closing the plant and employee termination.

## FACTS

14.     Prior to and on July 31, 2018, Bristol Compressors employed more than 100 or approximately 470 employees and the aggregate worked at least 4,000 hours per week (exclusive of overtime), including Plaintiffs, excluding part-time employees, at the Bristol, Virginia factory.

15.     On July 31, 2018, the Defendants' management informed all employees, via letter, that the company would permanently close "by or about August 31, 2018", and lay-offs would commence immediately and continue through the month of August. More than 50 employees or approximately 110 employees were terminated on July 31, August 1, and August 2, 2018 without cause.

16.     Upon information and belief, the employees terminated by Defendants were not provided with the all the defined benefits due them, including Plaintiffs and others similarly situated.

17.     BC has consistently provided a book of defined benefits to all the affected employees for more than 40 years including the following: sick leave, vacation, severance, bumping and others. When benefits and policies changed, employees were notified in writing and given acknowledgement forms to verify continued notice and continued acceptance of employment. These defined benefits were in effect on July 31, 2018, when the plant closing was announced and first terminations put in letters to affected employees. Sometime thereafter, BC posted a "Questions and Answers" memo on a bulletin board and among other things stated for the first time that certain benefits were terminated including severance. This posting included a new potential plant closing date, "on or before September 30, 2018." Ex. C.

## Violation of the WARN Act

18.     Plaintiffs repeat and re-allege paragraphs 1 through 17 as though fully set forth herein.

19.     All Defendants, individually and jointly, constitute employers as defined by 29 U.S.C. §2101(a)(1), for purposes of the WARN Act, because each participated in and was responsible for implementing the plant closing structure and management decisions that form the basis of the instant action.

6

20.     The Plaintiffs are affected employees as defined by 29 U.S.C. §
2101(a)(5), for purposes of the WARN Act, because they are employees who
experienced an employment loss as a consequence of a plant closing ordered by
Defendants as stated hereinabove.

21.     As employers under the WARN Act, Defendants had an obligation
pursuant to 29 U.S.C. §2102 to provide written notice to the affected employees at
the Bristol Compressors at least sixty (60) days prior to the planned plant closing.

22.     Defendants failed to provide the required written notice to Plaintiffs or
to Defendants' other affected employees at Bristol Compressors, prior to closing the
plant beginning on July 31, 2018.

23.     Plaintiffs' and Defendants' other aggrieved and affected employees
experienced an employment loss because they were terminated, without cause,
without the requisite notice and other actions required by the WARN Act. As a
result of the plant closing beginning on July 31, 2018, among other dates known
and unknown, more than 100 of Defendants' employees, excluding part-time
employees, who collectively comprised more than thirty-three percent (33%) of the
employees at BC, experienced an involuntary, ongoing employment loss, which
continues to cause them substantial economic and other harm.

## Class Allegations

24.     Plaintiffs repeat and re-allege paragraphs 1 through 23 as though fully
set forth herein.

25.     Pursuant to Fed.R.Civ.P. Rule 23(a) and (b), Plaintiffs bring this class action on behalf of the other similarly situated employees (hereinafter "Class Members") who were terminated by the plant's closing, at Bristol Compressors.

26.     The proposed class would be defined as: All full-time employees who were terminated from full-time employment at the Bristol Compressors from July 31, 2018 through closing.

27.     The Class Members are so numerous that joinder of all Class Members is impracticable because it is estimated that Defendants immediately terminated approximately 102 employees in violation of the WARN Act.

28.     There are questions of law or fact common to the Class Members that predominate over any questions affecting only individual Class Members. The principal question in this case is whether the Defendants' failure to provide the requisite notice of the Bristol Compressors plant closing constituted a violation of the WARN Act.

29.     The claims and defenses of the Plaintiffs are typical of the claims or defenses of the Class Members as a whole because the Class Members are similarly affected by Defendants' wrongful conduct in violation of the WARN Act.

30.     The Plaintiffs will fairly and adequately protect the interest of the Class Members because Plaintiffs have demonstrated their commitment to this claim by carefully documenting their work history in detail and by preserving their pay stubs, and because Plaintiffs are represented by counsel who are competent and

experienced, including experience in handling class action litigation under the federal WARN Act.

31.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because (a) joinder of all Class Members is impracticable, (b) the Class Members are likely unemployed and not in a position to retain counsel, and (c) each individual Class Member has suffered damages that are merely modest. Therefore, there will be no difficulty in the management of this class action and concentration of the claims in this forum will promote judicial economy.

## DAMAGES AND RELIEF REQUESTED

32.     Pursuant to Rule 23(a), (b), & (c), and 29 U.S.C. §2104(a)(5), and other applicable law, Plaintiffs request that the Court certify that Plaintiffs and all other similarly-situated workers from Defendants' plant closing as set forth above, constitute a single class.

33.     Plaintiffs request that the Court designate them as class representatives as permitted by 29 U.S.C. §2104(a)(5).

34.     Plaintiffs request that the Court appoint the undersigned counsel as class counsel.

35.     As a result of Defendants' WARN Act violations, Plaintiffs request that the Court order Defendants to pay Plaintiffs and all other Class Members up to the maximum amount of statutory damages, including interest compounded at an appropriate rate and frequency, pursuant to 29 U.S.C. Sections 2104(a)(1) & (2).

36.    Plaintiffs request that the Court order Defendants to pay Plaintiffs all defined benefits to which they were otherwise entitled, including bumping rights and severance, at the time of announced closing.

37.    Plaintiffs request that the Court order Defendants to pay Plaintiffs' reasonable attorneys' fees, litigation expenses, and other costs that Plaintiffs incur in pursuing this action as authorized by 29 U.S.C. §2104(a)(6).

38.    Plaintiffs request that the Court grant them and all other Class Members any such other relief as it may deem just and proper.

PLAINTIFFS DEMAND A TRIAL BY JURY FOR ALL ISSUES SO TRIABLE.

Plaintiffs,
**Tony A. Messer, et al.**
By counsel:


 \s\ Mary Lynn Tate
Mary Lynn Tate, Esq. (VSB # 16085)
Tate Law PC
16006 Porterfield Hwy
Abingdon, Virginia 24210
T: (276) 628-5185
F: (276) 628-5045
mltate@tatelaw.com