# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **TONY A. MESSER, ET AL.,** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1:18CV00040 |
| | ) |
| **BRISTOL COMPRESSORS** | ) |
| **INTERNATIONAL, LLC,** | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER AS TO MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO NOTICE OF CLOSURE
### (Docket No. 63)

*Mary Lynn Tate*, TATE LAW PC, Abingdon, Virginia, *for Plaintiffs*; *W. Bradford Stallard*, PENN, STUART & ESKRIDGE, Abingdon, Virginia, *and Alexander A. Ayar*, MCDONALD HOPKINS, Bloomfield Hills, Michigan, *for Defendant*.

In this class action alleging violations of the Worker Adjustment and Retraining Notification ("WARN") Act, the defendant moved for summary judgment on the claims of four workers who remained employed more than sixty days after initially receiving notice of the impending plant closure that ultimately led to their termination. I previously denied the motion without prejudice because the four workers were not named plaintiffs and notice had not yet been given to the class. *Messer v. Bristol Compressors Int'l, LLC*, No. 1:18CV00040, 2020 WL

1472217, at *12 (W.D. Va. Mar. 26, 2020). Notice has now been issued and the opt-out period has closed. *See* ECF Nos. 117, 118. The defendant has indicated that the issue raised in the motion remains live, and it has requested a ruling on the merits. For the reasons that follow, I will grant the defendant's Motion for Summary Judgment as to these four workers.

I.

The facts pertaining to the present motion are undisputed. On July 31, 2018, defendant Bristol Compressors International, LLC ("Bristol") issued letters to its employees stating that it expected its Bristol, Virginia, facility to permanently close "by or about August 31, 2018." Mem. Supp. Defs.' Joint Mot. Partial Summ. J. Ex. A, ECF No. 64-2. The four employees[1] at issue were told that their employment would end sometime during the month of August 2018. Had the facility in fact closed on August 31, these employees would have received between one- and thirty-one-days' notice of their termination.

Bristol's prediction, however, turned out to be overly pessimistic. It was able to secure enough final orders from its customers to continue operations well into November 2018. The four employees at the center of this motion were in fact terminated on October 19, 2018, more than sixty days after they received the July

---

[1] These four employees are Deborah Eades, Kristen Haywood, Timothy Large, and Chris Robinson. They are members of Subclass Three, one of the three subclasses established by Opinion and Order entered June 20, 2019, ECF No. 32.

31 notice and less than sixty days after the date by which they were initially told their employment would end. Following the July 31 letter, the four employees did not receive any subsequent letters from Bristol providing revised termination dates.

The defendant argues that because these employees remained employed for more than sixty days after receiving the July 31 notice letter, they are not entitled to any damages under the WARN Act. The plaintiffs argue that because the predicted August 31 closure date came and went and the employees received no new or additional notice, they effectively received no advance notice of their October 19 terminations and are entitled to be paid for the full sixty-day WARN Act notice period. The defendant's motion has been fully briefed and is ripe for decision.

## II.

The court is required to grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is not a disfavored procedural shortcut, but an important mechanism for weeding out claims and defenses that have no factual basis. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). It is the affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial. *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993).

The WARN Act prohibits certain employers from ordering a plant closing or mass layoff unless each employee who suffers an employment loss is provided sixty days' advance written notice of the mass layoff or plant closing. 29 U.S.C. § 2102; *United Food & Commercial Workers Union Local 751 v. Brown Grp., Inc.*, 517 U.S. 544, 545–46 (1996). Employers who violate the Act are liable to each affected employee for the following:

> (A) back pay for each day of violation at a rate of compensation not less than the higher of --
>
>> (i) the average regular rate received by such employee during the last 3 years of the employee's employment; or
>>
>> (ii) the final regular rate received by such employee; and
>
> (B) benefits under an employee benefit plan described in section 1002(3) of this title, including the cost of medical expenses incurred during the employment loss which would have been covered under an employee benefit plan if the employment loss had not occurred.

29 U.S.C. § 2104(a)(1). The employer is also subject to a civil penalty of not more than $500 per day of violation. 29 U.S.C. § 2104(a)(3). The employer is liable for the period of the violation, up to a maximum of sixty days, but no more than one-half the number of days an employee was employed by the employer. 29 U.S.C. § 2104(a)(1). Further, the employer's liability may be reduced by certain payments to employees for the period of violation, such as wages and healthcare premiums. 29 U.S.C. § 2104(a)(2).

A regulation promulgated under the WARN Act states that "[t]he first and each subsequent group of terminees are entitled to a full 60 days' notice."  20 C.F.R. § 639.5(a)(1).  Another regulation directs that the "notice must be specific" and "shall be based on the best information available to the employer at the time the notice is served."  20 C.F.R. § 639.7(a)(1), (4).  "It is not the intent of the regulations, that errors in the information provided in a notice that occur because events subsequently change or that are minor, inadvertent errors are to be the basis for finding a violation of WARN."  20 C.F.R. § 639.7(a)(4).

The notice is required to list either "a specific date or . . . a 14-day period during which a separation or separations are expected to occur."  20 C.F.R. § 639.7(b).  "Where a 14-day period is used, notice must be given at least 60 days in advance of the first day of the period."  *Id.*  The notice must indicate not only the date on which the plant is expected to close, but also the date on which the individual employee is expected to be terminated.  20 C.F.R. § 639.7(d)(2).

"Additional notice is required when the date or schedule of dates of a planned plant closing or mass layoff is extended beyond the date or the ending date of any 14-day period announced in the original notice . . . ."  20 C.F.R. § 639.10.  "If the postponement is for less than 60 days, the additional notice should be given as soon as possible to the parties identified in § 639.6 and should include reference

to the earlier notice, the date (or 14-day period) to which the planned action is postponed, and the reasons for the postponement." 20 C.F.R. § 639.10(a).

The Fourth Circuit has not addressed the scenario presented by Bristol's motion, but decisions of several other courts are persuasive. In *Carpenters District Council of New Orleans & Vicinity v. Dillard Department Stores, Inc.*, 15 F.3d 1275 (5th Cir. 1994), the Fifth Circuit considered the claims of employees who had been terminated as the result of a merger. The court explained that "[a]lthough Dillard anticipated that the employees would be terminated within the estimated range of dates [stated in the notices], in actuality, some of the employees continued working past the estimated termination dates such that they actually received the entire sixty days' notice prior to termination." *Id.* at 1286. The district court had held that "[n]otice that sets the earliest date an employee could be discharged, at less than 60 days from receipt of notice, by its very terms, fails to meet the requirements of the Act." *Id.* (citation omitted). The court of appeals disagreed. It instead held that "if an employee was provided with a range of possible termination dates, some before the sixty-day period ended and some beyond the sixtieth day, and the employee was terminated beyond that sixty-day period, such that he actually worked throughout the entire notice period, then there is no violation period." *Id.* The court therefore found that because the employees had actually worked and been paid for more than sixty days after receiving notice of

their pending termination, they were not entitled to any damages. *Id.* at 1287. The court also noted that "neither the Act nor the regulations suggest that defective notice is automatically to be treated as though no notice had been provided at all." *Id.* n. 19.[2]

Following *Dillard*, the Sixth Circuit also concluded that defects in a WARN Act notice do not render the notice entirely ineffective. *Saxion v. Titan-C-Mfg., Inc.*, 86 F.3d 553, 561 (6th Cir. 1996). Essentially finding substantial compliance, the court explained,

> The March 13 letter indicated that the closing would be permanent and would affect the entire plant. The letter gave the name and telephone number of a company official who could be contacted for questions. That the notice was deficient in other respects does not change the fact that ten days before the plant was closed, the affected employees clearly knew that it was going to be closed. In calculating damages, therefore, the district court should have used a violation period of 50 days, not 60.

*Id.* The Federal Circuit likewise adopted a substantial compliance test. *Schmelzer v. Office of Compliance*, 155 F.3d 1364, 1369 (Fed. Cir. 1998). In finding a WARN Act notice adequate despite its failure to include expected termination dates and other required information, the *Schmelzer* court noted that the plaintiff "suffered no prejudice as a result of the technical defect" in the notice. *Id.*

---

[2] The plaintiffs attempt to distinguish *Dillard* by pointing out that the court applied proposed regulations rather than the final regulations, but the court's statement remains true under the regulations currently in effect.

In this case, the July 31 notice given to these four employees was defective in that it did not identify either a specific date or a fourteen-day period in which the employees were expected to be terminated. Instead, it provided a month-long window. While this longer time period did not technically comply with the regulations, I find that Bristol substantially complied with 20 C.F.R. § 639.7. Despite its deficiencies, the July 31 notice that these employees received cannot be deemed no notice.

Because the original termination period and plant closing were postponed, Bristol should have given additional notice as directed by 20 C.F.R. § 639.10. Nevertheless, these four employees knew that the plant was going to close for more than sixty days before their employment terminated. There is no evidence that they suffered any prejudice from the lack of additional notice. According to the regulations, "errors in the information provided in a notice that occur because events subsequently change" should not "be the basis for finding a violation of WARN." 20 C.F.R. § 639.7(a)(4). The changing circumstances around the plant closing undoubtedly left these employees with uncertainty about exactly when their employment would end, but there is no suggestion in the record that they were led to believe their employment would continue indefinitely. Despite technical violations, the four employees at issue in the present motion received notice that served the purpose of the WARN Act: to allow them adequate time to

- 9 -

prepare for losing their jobs. I therefore find that the defendant is entitled to judgment as a matter of law as to the claims of these four employees.

III.

For these reasons, it is hereby **ORDERED** that the Motion for Partial Summary Judgment as to Certain Employees in Subclass Three that Received at Least 60 Days Notice of the Plant Closing Prior to Their Termination, ECF No. 63, is GRANTED.

ENTER: August 6, 2020

/s/ *JAMES P. JONES*
United States District Judge