## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

| | | |
|---|---|---|
| **TONY A. MESSER, ET AL.,** | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:18CV00040 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **BRISTOL COMPRESSORS** | ) | JUDGE JAMES P. JONES |
| **INTERNATIONAL, LLC,** | ) | |
| | ) | |
| Defendant. | ) | |

*Mary Lynn Tate, TATE LAW PC, Abingdon, Virginia, for Plaintiffs.*

In this class action alleging violations of the Worker Adjustment and Retraining Notification Act, I found following a bench trial that the defendant had violated the Act and that the Class Members were owed damages as provided in 29 U.S.C. § 2104(a)(1)–(2). I rejected two types of damages asserted by Class Members. The rejected damages depended upon the following issues: (1) whether the defendant employer validly eliminated its severance pay plan prior to the termination of the Class Members and (2) whether four individual Class Members received valid notice as required by the Act prior to termination of their employment. The Class Members appealed, and the court of appeals remanded the case for reconsideration by this court of these two issues. *Messer v. Bristol Compressors*

*International, LLC,* No. 21-2363, 2023 WL 2759052, at *3, *6 (4th Cir. Apr. 3, 2023) (unpublished).[1]

Following remand, the Class Members moved for summary judgment in their favor on these two issues.  No appearance or response have been filed on behalf of the defendant. At a hearing on the motions, the court permitted evidence from a forensic accountant as to Class Members' damages in the event judgment was granted for them.

Based on the record, and applying the principles elucidated by the court of appeals in its decision, I find that summary judgments should be granted in favor of the Class Members, and that they should be awarded damages in accord with their uncontested evidence, which I find to be fully creditable.[2]

Accordingly, it is **ORDERED** that the motions for summary judgment, ECF Nos. 175, 176, are GRANTED.  A separate Judgment will be entered.

---

[1]  The court of appeals affirmed this court's ruling that certain employees waived claims against the defendant by signing a Stay Bonus Letter Agreement (SBLA).   2023 WL 2759052, at *4–8.  The SBLA waiver excluded vested benefits under written benefit plans.

[2]   One procedural issue arises.  The court ruled in favor of the defendant and terminated any claim for severance pay damages before class certification and the resulting notice to the class.  *Messer v. Bristol Compressors International, LLC,* No. 1:18CV00040, 2020 WL 1472217, at *6 (W.D. Va. Mar. 26, 2020).  I have determined that further notice is not required.  While the Class Notice did not expressly include the possibility of severance damages, it is unlikely that any putative class members would have opted out because of the possibility of additional damages to be awarded, particularly since there were only two such opt-outs out of over 200 members.  Letters, ECF No. 120-2 (July 21, 2020).

ENTER:   January 16, 2024

/s/ JAMES P. JONES
Senior United States District Judge