# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **TONY A. MESSER, ET AL.,** ) | |
| ) | |
| Plaintiffs, ) | Case No. 1:18CV00040 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **BRISTOL COMPRESSORS** ) | JUDGE JAMES P. JONES |
| **INTERNATIONAL, LLC,** ) | |
| ) | |
| Defendant. ) | |

*Mary Lynn Tate,* TATE LAW PC, *Abingdon, Virginia, Class Counsel.*[1]

In this successful class action[2] under the Worker Adjustment and Retraining Notification (WARN) Act, 29 U.S.C. §§ 2101–2109, class counsel seeks an award of attorney's fees and costs. Under the WARN Act, "the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs." *Id.* at §

---

[1] There has been no appearance or response on behalf of the defendant.

[2] The court initially denied in part and granted in part the defendant's motions for summary judgment, *Messer v. Bristol Compressors Int'l, LLC,* No. 1:18CV00040, 2020 WL 1472217 (W.D. Va. Mar. 26, 2020*),* and at a later bench trial granted certain claims and rejected others. Judgment was entered against the defendant in the total amount of $1,392,915.40, including prejudgment interest. Class counsel appealed and the court of appeal affirmed in part and remanded in part. No. 21-2363, 2023 WL 2759052, at *6 (4th Cir. Apr. 3, 2023) (unpublished). Thereafter, I found in favor of the class members on the remanded claims. 2024 WL 168046, at *1 (W.D. Va. Jan. 16, 2024). An Amended Judgment was entered for additional damages in the amount of $2,407,471.90. ECF No. 183 (Jan. 17, 2024).

2104(a)(6). Considering the complexity of the case and its result, I find that an award of attorney's fees and costs against the defendant is appropriate.

"The starting point for establishing the proper amount of [a fee] award is the number of hours reasonably expended, multiplied by a reasonable hourly rate." *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 174 (4th Cir. 1994). This determination is referred to as the lodestar rate. The reasonable hourly rate is typically determined by looking to the "prevailing market rates in the relevant community," which is "ordinarily the community in which the court where the action is prosecuted sits." *Id.* at 175 (citation omitted). "The fee applicant bears the burden of proving the reasonableness of the hours expended and the requested hourly rates, which generally requires submission of the attorney's own affidavit and timesheets as well as satisfactory specific evidence of the prevailing market rates." *Crump v. U.S. Dep't of Navy*, 245 F. Supp. 3d 692, 699 (E.D. Va. 2017) (internal quotation marks and citation omitted).

The court may adjust this lodestar calculation by looking to the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), the so-called "*Johnson* factors." *Rum Creek Coal Sales, Inc.*, 31 F.3d at 175. Those factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is v

circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.*

In the present motion, class counsel requests $249,075 in attorney's fees for 553.50 hours of legal services based on an hourly rate of $450 and $28,642.81 in out-of-pocket costs. Thus, the total amount sought is $277,717.81.

While the hourly rate relied upon may be higher than the prevailing hour rate found by this court in other cases, there is no doubt that a consideration of the relevant *Johnson* factors supports an increase, particularly considering the difficulty of the questions and the level of skill involved, together with the time and labor of the class counsel, a sole practitioner.

Accordingly, the Petition for Attorneys' Fees and Costs, ECF No. 159, is **GRANTED** and attorney's fees and costs are awarded against defendant Bristol Compressors International, LLC, in the amount of $277,717.81.

Class counsel is granted leave to file a supplemental motion for attorney's fees and costs incurred after the date of the Petition ruled upon herein.

It is so **ORDERED**.

ENTER: March 25, 2024

/s/ JAMES P. JONES
Senior United States District Judge